# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ROSA L.R., | Case No. 26-CV-1148 (NEB/DTS) |
| Petitioner, | |
| v. | ORDER ON<br>PETITION FOR<br>WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and JOEL L. BROTT, Sheriff of Sherburne County, Minnesota, | |
| Respondents. | |

---

This matter is before the Court on Petitioner Rosa L.R.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Rosa L.R. is a citizen of El Salvador who has lived in the United States since November 2012 when she entered the country without inspection. (*Id.* ¶¶ 13–14.) There is no evidence in the record that Rosa L.R. has any criminal history.

On January 12, 2026, while riding as a passenger in her daughter's car, Immigration and Customs Enforcement ("ICE") took Rosa L.R. into custody—without a warrant. (*Id.* ¶¶ 15, 53.) Afterwards, Rosa L.R. filed this habeas action challenging her

detention under 28 U.S.C. § 2241. She is currently held at the Sherburne County Jail in Minnesota. (*Id.* ¶ 7.)

Rosa L.R. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners, Rosa L.R. argues she has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because she has been living in the United States since she entered the country over 13 years ago, Rosa L.R. asserts that Section 1226, rather than Section 1225, applies. She therefore argues that her detention under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Rosa L.R. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Rosa L.R. while she was entering the United States. Instead, she was detained while "already in the

2

country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the Seventh Circuit—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Rosa L.R.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint, including the Fifth Circuit decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (ECF No. 5.)

The Court recognizes, but is not persuaded by, the minority viewpoint; it has already

considered and rejected that viewpoint.[1]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of

remedy remains. Rosa L.R. requests immediate release. Several courts in this District have

concluded that petitioners detained by ICE without an administrative warrant, which is

required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No.

25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*,

No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4[2]; *see also* 8 U.S.C. § 1226(a) ("On a

warrant issued by the Attorney General, an alien may be arrested and detained pending

a decision on whether the alien is to be removed from the United States.").

Rosa L.R. asserts that her arrest was warrantless. The Court ordered Respondents

to produce evidence to establish the lawfulness and correct duration of Rosa L.R.'s

detention in light of issues raised by the habeas petition. Respondents did not submit a

warrant to support Rosa L.R.'s arrest. Because a warrant is a prerequisite to detention

under Section 1226(a), and there was no warrant here, Rosa L.R.'s detention lacks a lawful

predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No.

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

[2] All page citations to the record or other dockets reference ECF pagination.

9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Rosa L.R.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a.  DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b.  ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order. Respondents' coordination or at least two hours' advance notice to counsel shall include the street address where Petitioner will be released;

    c.  ORDERS that Respondents release Petitioner in Minnesota with all Petitioner's personal effects, including all personal property seized

during Petitioner's arrest such as, but not limited to, Petitioner's

driver's license, passport, immigration papers, cell phone, and keys;

d.      ORDERS that Respondents not impose any condition of release,

including ankle monitors, body-worn GPS, telephonic tracking, or

use of the SmartLINK Mobile Application;

e.      ORDERS that, within **two days** of release, the Respondents shall file

notice on the docket confirming that release within Minnesota has

occurred; and

f.      ENJOINS Respondents from moving Petitioner outside of

Minnesota prior to Compliance with this Order. If Petitioner has

already been removed from Minnesota, Respondents are ORDERED

to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 9, 2026                         BY THE COURT:
Time: 3:38 p.m.                                 s/Nancy E. Brasel
                                                Nancy E. Brasel
                                                United States District Judge

6